**UNITED STATES DISTRICT COURT**
**IN THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Temporary Services, Incorporated, and | ) | |
| Charleston Steel & Metal Company, on | ) | |
| behalf of themselves, and all others | ) | |
| similarly situated, | ) | C/A No.:  3:08-cv-00271-JFA |
| | ) | |
|                Plaintiffs, | ) | |
|     vs. | ) | |
| | ) | |
| American International Group, Inc., et al., | ) | |
| | ) | |
|                Defendants. | ) | |
| | ) | |

**FEDERAL RULE OF EVIDENCE 502(D) STIPULATION AND CONSENT ORDER REGARDING PRODUCTION OF DOCUMENTS PURSUANT TO PLAINTIFFS' FEBRUARY 3, 2012 SUBPOENA *DUCES TECUM* TO DAVID APPEL**

WHEREAS, as part of the discovery process in the above-captioned case, the Court has ordered the production of documents pursuant to Plaintiffs' February 3, 2012 subpoena *duces tecum* to Defendants' retained expert, David Appel, by Defendants;

WHEREAS, full compliance with the Court's February 16, 2012 Order and Plaintiffs' February 3, 2012 subpoena *duces tecum* will involve voluminous production of documents and files;

WHEREAS, documents responsive to the subpoena *duces tecum* include various workers compensation insurance policies issued by AIG, Inc.'s property-casualty insurance subsidiaries, related underwriting files, and database files (together, "Subpoena Files");

WHEREAS, the parties hereto seek to avoid unnecessary burden and delay which would otherwise result from extensive pre-production review of the Subpoena Files prior to their production;

1

WHEREAS, the parties agree that requiring production of Subpoena Files before or without review for attorney-client privilege, work product, confidentiality or other protection will promote the expeditious and efficient conduct and completion of this production:

IT IS HEREBY STIPULATED AND ORDERED THAT:

1.     Except as modified herein, the January 1, 2011 Confidentiality Order shall remain in effect and govern discovery related to the Court-ordered production of Subpoena Files.

2.     Defendants may, on a rolling basis, promptly produce Subpoena Files to Plaintiffs, before or without review for attorney-client privileged, work product, confidential or otherwise protected material ("Privileged Material").  Disclosure of Privileged Material resulting from such production—regardless of whether such a privilege review has occurred—shall not be deemed a waiver, whether express or implied, of any applicable privilege or protection, irrespective of the care taken by Defendants.  Documents produced pursuant to this paragraph shall be subject to the same attorney-client privilege, work product, confidential or other protections to which they were subject absent such production, whether in these proceedings or any other federal or state proceeding, as provided in Federal Rule of Evidence 502(d).

3.     If Defendants believe that Privileged Material was produced pursuant to Paragraph 2 of this order, Defendants shall so notify all parties in writing and state the basis for the claim of privilege or protection.  After receiving notice of the production, Plaintiffs must promptly return, sequester, or destroy the claimed Privileged Material and any copies in their possession, and may not use or disclose the claimed Privileged Material or information contained therein until the claim is resolved.  Plaintiffs may promptly present the information to the Court, under seal, for a determination of the claim.  If Plaintiffs disclose the claimed Privileged Material before being

2

notified of the production, they must take reasonable steps to retrieve it.  Defendants must preserve the information until the claim is resolved.

4.    Plaintiffs' compliance with Paragraph 3 of this order shall not be deemed Plaintiffs' admission that a claim of privilege or protection has merit or otherwise impair their ability to challenge the claim.

5.    All documents produced pursuant to Paragraph 2 of this order shall be treated as "Confidential" as provided in the January 3, 2011 Confidentiality Order.  Plaintiffs may challenge the appropriateness of the "Confidential" designation as set forth within the terms of the January 3, 2011 Confidentiality Order.


SO AGREED:

Date:  February 21, 2012

s/ Stephen G. Morrison
Stephen G. Morrison
Jay T. Thompson
NELSON MULLINS RILEY & SCARBOROUGH, LLP
1320 Main Street / 17th Floor
Post Office Box 11070 (29211–1070)
Columbia, SC 29201
(803) 799–2000

Michael B. Carlinsky
Kevin S. Reed
Jennifer J. Barrett
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849–7000

Attorneys for Defendants American International Group, Inc., American Home Assurance Company, and Commerce and Industry Insurance Company

s/ Richard A. Harpootlian
Richard A. Harpootlian
Graham L. Newman
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street
P.O. Box 1090
Columbia, South Carolina 29202
(803) 252-4848

Mark D. Chappell
W. Hugh McAngus, Jr.
CHAPPELL, SMITH & ARDEN
Post Office Box 12330
Columbia, South Carolina 29211
(803) 929-3600

J. Kevin Holmes
THE STEINBURG LAW FIRM
61 Broad Street
Charleston, SC 29402
(843) 720-2800

Attorneys for Plaintiffs Temporary Services, Inc. and
Charleston Steel & Metal Company


IT IS SO ORDERED.


February 22, 2012                         Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge


4