UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Temporary Services, Incorporated, a South Carolina Corporation, and Charleston Steel & Metal Company, on behalf of themselves, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> American International Group, Inc., Commerce and Industry Insurance Company, and American Home Assurance Company, <br><br> Defendants. | C/A No.: 3:08-00271-JFA <br><br><br><br><br><br><br><br> **ORDER** |

Jointly, the parties have moved for the approval of a *cy pres* distribution consistent with the terms of the Settlement Agreement executed by the parties in the above-styled case and finally approved by the Court on September 14, 2012. (Dkt. 370) Specifically, the parties request the Court approve the disbursement of $537,923.62 to the South Carolina Appleseed Legal Justice Center. For reasons stated below, the joint motion to approve the disbursement of moneys to the specified *cy pres* recipient is GRANTED.

The Eighth Circuit Court of Appeals has provided guidance for the review of proposed *cy pres* distributions in class action settlements.

> The term 'cy pres' is derived from the Norman French expression *cy pres comme possible,* which means 'as near as possible.' The cy pres doctrine originated as a rule of construction to save a testamentary charitable gift that would otherwise fail, allowing the next best use of the funds to satisfy the testator's intent as near as possible. Courts have also utilized cy pres distributions where class members are difficult to identify or where they change constantly,

1

> or where there are unclaimed funds. In these cases, the court, guided by the parties' original purpose, directs that the unclaimed funds be distributed for the indirect prospective benefit of the class.

*In re Airline Ticket Comm'n Antitrust Litig.*, 268 F.3d 619, 625 (8th Cir. 2001).

In this case, the parties have produced evidence that the settlement administrator has used all reasonable efforts to ensure that the settlement benefits have been disbursed to the class members. Nevertheless, $537,923.62 remains in the escrow account possessed by the settlement administrator. As a result, the Court must analyze whether the parties' proposed *cy pres* distribution would be appropriate.

The Plaintiffs' original purpose in bringing their suit was to recover monetary damages allegedly resulting from inflated workers compensation premiums. Long ago, the South Carolina Supreme Court set forth the policy objectives of South Carolina's workers compensation laws.

> Compensation laws constitute a form of social legislation and were enacted primarily for the benefit, protection and welfare of working men and their dependents, to relieve them of the uncertainties of a trial in a suit for damages, to cast upon the industry in which they are employed a share of the burden resulting from industrial accidents, and to prevent the burden of injured employees and their dependents becoming charges on society.

*Cokeley v. Robert Lee, Inc.*, 14 S.E.2d 889, 893-94 (S.C. 1941). A recipient of the unclaimed funds remaining in the possession of the settlement administrator must be chosen with these underlying policy objectives in mind.

I find that the parties' jointly proposed *cy pres* recipient, the South Carolina Appleseed Legal Justice Center, is an appropriate beneficiary of the remaining settlement funds which satisfies the underlying policy objectives of workers compensation laws "as near as possible." Appleseed is a private, non-profit law firm dedicated to providing representation, technical

assistance, and advocacy to low and moderate income citizens of South Carolina and has been successfully providing these services for thirty-five years. These services extend to pro bono legal representation in state and federal courts, legislative and administrative policy advocacy, as well as education, training, and co-counseling in the community and media. Appleseed asserts that its staff is dedicated to working to ensure that the holistic needs of the community are met. These needs include adequate health care and education, consumer protection, safe affordable housing, nutrition, and income supports.

Based upon the foregoing, I find that disbursement of remaining settlement funds to the South Carolina Appleseed Legal Justice Center will inure to "the benefit, protection and welfare of working men and their dependents." *Id.* at 893-94. Therefore, the parties' joint motion to approve the disbursement of $537,923.62 to the South Carolina Appleseed Legal Justice Center is granted.

IT IS SO ORDERED.

February 25, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge